# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **VINCENT FORTUNE AJAEGBU,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:13-CR-0418-SCJ-AJB-2** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:15-CV-0763-SCJ-AJB** |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

The matter is before the Court on Movant's 28 U.S.C. § 2255 motion to vacate [95]; the Magistrate Judge's Final Report and Recommendation (R&R), which recommends that the motion to vacate and a certificate of appealability (COA) be denied [119]; and on Movant's objections [123].

In reviewing a Magistrate Judge's Report and Recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Absent objection, the district judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face

of the record in order to accept the recommendation," Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b).

**I.     Discussion**

Movant, represented by J. Michael Treadaway, pleaded guilty to one count of conspiracy to commit access device fraud and received a fifty-five month sentence. (Guilty Plea and Plea Agreement, ECF No. 60-1; Plea Hr'g Tr., ECF No. 65; J., ECF No. 67.) In his § 2255 motion, Movant challenges his sentence and argues that counsel ineffectively (1) argued that Movant was responsible for a low loss amount and only seven victims, resulting in Movant losing a three-point reduction for acceptance of responsibility, and (2) conceded that Movant's criminal history category was III when the government untimely objected to the presentence investigation report (PSR) statement that his criminal history category was II. (Mot. to Vacate., ECF No. 95.) The Magistrate Judge recommends that both grounds fail. (R&R at 17-21, 23, 25, ECF No. 119.) Movant objects on Ground One. (Objections, ECF No. 123.) On *de novo* review, as discussed below, the Court agrees with the Magistrate Judge on Ground One, and the Court finds no clear error in the Magistrate Judge's recommendation on Ground Two.

### A.     Background on Ground One

Movant's PSR recommended a twenty-three total offense level based on a loss amount of over $168,000, there being more than fifty victims, and Movant's role and recommended a three-level reduction for acceptance of responsibility. (See R&R at 4-5.) Movant objected that the loss amount should be $5,804.83 (as stated in the indictment) and possibly $25,004.83, and repeated his argument in his sentencing memorandum. (Sentencing Mem. by Def. at 3-4, ECF No. 63.) In a responsive sentencing memorandum, the government argued that Movant's position in his sentencing memorandum vastly understated the loss amount and that he should not receive credit for acceptance of responsibility. (Sentencing Mem. by USA at 5-6, ECF No. 64.)

At the beginning of the sentencing hearing, the Court summarized the PSR sentencing recommendation and recognized on the record that the government was asking the Court to deny a reduction for acceptance of responsibility. (Sentencing Tr. at 4, ECF No. 94.)[1]  After the parties restated their positions,

---

[1] Movant electronically served his sentencing memorandum on Saturday at 1:12 p.m., August 30, 2014; the government electronically served its sentencing memorandum at 10:47 p.m. on Tuesday, September 2, 2014; and the sentencing hearing was held beginning at 11:30 a.m. on Thursday, September 4, 2014. (See ECF Nos. 63, 64; Minute Entry for 9/4/2014, ECF No. 66.)  The Court finds nothing

3

AO 72A
(Rev.8/82)

> [t]he Court stated, "The question I'm going to ask you now is important in many ways. Is your argument that your client is only responsible for $5,000.00, that there is no evidence that's been shown that he is responsible for a loss amount greater than that?" . . . Mr. Treadaway asked to speak with Movant and, after doing so, informed the Court, "That is our intention, your honor, that $5[,]800.00 identified in the indictment is the only loss that meets the test of the preponderance of the evidence." . . . The Court clarified that the question pertained to the Court's decision on Movant's acceptance of responsibility, and counsel again confirmed, "that is my client's response I've been instructed to give, your honor." . . . The Court inquired regarding Movant's position on the number of victims, and counsel responded that the number should be seven victims.

(R&R at 6 (citations omitted).) After the government presented evidence, the Court found that Movant's adjusted offense level was twenty four, which was based on a loss amount of greater than $70,000 and less than $120,000, there being fifty or more victims, and Movant's role, with no reduction for acceptance of responsibility. (See id. at 6-7.) The Court imposed a below-guidelines term of imprisonment of fifty-five months. (See id. at 7.) In a post-sentencing *pro se* letter, Movant asked the Court to reconsider his arguments on his offense role, the dollar amount, and the number of victims and argued that the government had falsely accused him. (See id.)

---

untoward in the timing of the government's sentencing memorandum.

4

### B.     Magistrate Judge's Recommendation on Ground One

Before analyzing Ground One, the Magistrate Judge noted – "It does not appear that Movant was aware of the government's position before sentencing. However, the government's position was presented at sentencing, and the Court allowed Movant time to discuss the matter with counsel." (R&R at 5 n.3.) On consideration of the hearing and post-hearing briefing, the Magistrate Judge then found no deficiency by counsel, as follows –

> Here, the Court credits counsel's testimony that he advised Movant on the loss amount that the government likely could prove and that Movant directed him to argue the low-loss amount. Even if Mr. Treadaway never told Movant that arguing the low-loss amount was a "dead bang loser," the Court credits Mr. Treadaway's testimony that he said as much in different words – (1) he advised Movant that the low-loss position was very difficult if not impossible and that he risked loss of acceptance of responsibility, and (2) he advised Movant that the Court was not accepting the low loss position and was giving him an opportunity to change his position and that Movant really needed to allow him greater latitude on the loss amount.
>
> Thus, Movant received advice before sentencing that his low-loss position was contradicted by the evidence, was likely to loose, and might risk the loss of credit for acceptance of responsibility. Further, Movant was made aware during the sentencing proceedings that the risk was coming to fruition – the government had now clearly stated that based on Movant's low-loss position it would not recommend acceptance of responsibility and the Court had made it clear that it was not accepting the low loss position. Movant nonetheless instructed counsel to continue with the low-loss position. As Movant states, "Mr. Treadaway tried to

5

make [him] understand that arguing for the amount in the indictment was a sure loser, but . . . was struck by the almost blind faith that [he, Movant,] had in a sentence with no further incarceration." (Mov't Post Hr'g Br. at 11[,ECF No. 113].)[2]

(R&R at 17-18.)

The Magistrate found that Mr. Treadaway was not deficient for following a competent client's instructions –

> Although Movant argues that Mr. Treadaway's response to the situation was not good or strenuous enough, Movant does not present to the Court what Mr. Treadaway could or should have done to avoid his allegedly deficient performance. . . .
>
> Thus, without any showing that Mr. Treadaway had a viable alternative that reasonably may have changed the outcome, the Court cannot conclude that Mr. Treadaway was deficient for following his competent client's explicit instructions. The record shows that Mr. Treadaway thoroughly explained to Movant the potential problems of Movant's position, and his ultimate decision to follow Movant's instruction will not be disturbed.

(Id. at 19-20.)

---

[2] During the § 2255 hearing, Mr. Treadaway also testified that Movant persisted in believing that he should be held liable for only a low-loss amount and should receive probation although Mr. Treadaway counseled him that it was improbable if not impossible. (Hr't Tr. at 46-47, ECF No. 112.) Mr. Treadaway testified that Movant had commented that he believed that he was going to walk out of sentencing a free man and that Mr. Treadaway thought it was a strange comment. (Id. at 55.) Mr. Treadaway testified that he had questioned whether Movant was paying attention at sentencing when, after a lunch break and after his acceptance of responsibility points had been taken away, Movant stated that things were going pretty good. (Id. at 72.)

6

In finding that counsel was not deficient, the Magistrate Judge reviewed precedent that teaches counsel's duties do not require him "to disregard a mentally competent client's sincere and specific instructions about an area of defense and to obtain a court order in defiance of his wishes." (Id. at 15 (quoting Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1357 (11th Cir. 2009)) (internal quotation marks omitted)).  The Magistrate Judge also discussed an exception to that standard –

> [C]ounsel should not blindly follow a defendant's instructions when "the defendant has a possible mental impairment or the defendant's instructions are not explicit or are less than clear." Cummings, 588 F.3d at 1358. Thus, counsel "cannot blindly follow a client's demand that his competency not be challenged." Agan v. Singletary, 12 F.3d 1012, 1018 (11th Cir. 1994).

(R&R at 16.)  The Magistrate Judge noted, "[t]here is no suggestion by Movant that he is incompetent or that his instructions to counsel were less than clear." (Id. at 16 n.4.)

The Magistrate Judge further found "there is a lack of prejudice because there is no showing that there was a different action that counsel could have taken that reasonably would have resulted in Movant acquiescing at his sentencing hearing to a higher loss amount." (Id. at 20.)

> The Government has suggested that perhaps counsel could have sought a recess to have more time to convince Movant on the proper loss amount

7

or simply ignored Movant and conceded to a higher loss amount. (Resp't Post-Hr'g Br. in Resp. at 28[, ECF No. 115].) The evidence does not convince the Court that either of those actions would have had a reasonable chance of changing Movant's position or the outcome. . . . Knowing that the government had withdrawn its support for acceptance of responsibility and knowing counsel's and the Court's position, Movant persisted in his low-loss position. Further, as shown by Movant's letter to the Court and his discussion of that letter in his recent hearing, Movant continued *after* sentencing to assert that he had been falsely accused and did not think he was responsible for the loss amount or the number of victims as found by the Court. Accordingly, it does not appear reasonably probable that Movant would have agreed to a higher loss amount if counsel had repeated his advice in stronger terms or that Movant would have acquiesced if counsel had attempted to concede to a higher loss amount.

(R&R at 20-21.)

### C.   **Movant's Objections**

Movant objects that the Magistrate Judge failed to highlight sufficiently Mr. Treadaway's recognition that Movant's expectations were highly unrealistic and failed to assess properly the impact of the government's last minute decision not to request acceptance of responsibility, which decision Movant did not become aware of until the sentencing hearing. (Objections at 3-4.) Movant asserts (1) that the Magistrate Judge was wrong when he stated that it did not appear that Movant was aware of the government's position before sentencing and (2) that the record is clear that Movant was "unaware." (Id. at 4.) Movant states that notwithstanding the government's

8

position, counsel "apparently never considered asking for a continuance or any other way to let him use his expertise to try and ameliorate the situation." (Id. at 5.)

Movant also objects that the Magistrate Judge failed to address that client-as-master-of-the-defense precedent is based on the assumption that the client is sane, rational, and competent. (Id. at 7.) Movant cites Cummings, 588 F.3d at 1358, and asserts that the Magistrate Judge "failed to mention that the Eleventh Circuit specifically cautioned that attorneys cannot blindly follow [a client's] instructions when the lawyer has real questions about the client's decision-making abilities." (Id. at 8-9.) Movant points out that in Cummings – in which the court addressed whether counsel is reasonable in following a client's instructions, Cummings's competency had been evaluated but that "[n]o one evaluated [Movant] for competency." (Id. at 8.) Movant argues that, when Mr. Treadaway knew that Movant was "unrealistic[] and possibly not even acting rationally[,]" he had expanded duties such that he was deficient when he blindly followed Movant's instructions to take a losing position, especially when Movant had just become aware that the government would contest acceptance of responsibility. (Id. at 5, 10.)

In regard to prejudice, Movant objects to the Magistrate Judge's suggestion that "there was no prejudice caused by Mr. Treadaway's performance[] in that nothing

9

would have changed even if the lawyer had been able to convince the troubled client to agree to a change in position." (Id. at 10-11.)

### D. Court's Ruling

Movant's objection fails in regard to the Magistrate Judge's statement – "It does not appear that Movant was aware of the Government's position before sentencing." (See R&R at 5 n.3.) The difference between a finding that it did not appear that Movant was aware versus Movant was unaware is not a difference that has any impact on the outcome in this case. The Magistrate Judge sufficiently highlighted or considered the timing of the government's sentencing memorandum and notification that it would not recommend acceptance of responsibility. (See id. 5 n.3 and 6.) The Court finds no error in the Magistrate Judge's treatment of both the timing of the government's memorandum and Movant's awareness of the government's position.

Movant's objection on the Magistrate Judge's consideration of client-as-master-of-the-defense law and alleged failure to mention the Eleventh Circuit's caution in Cummings is overruled because Movant misrepresents and ignores the Magistrate Judge's specific discussion on the matter. The Magistrate Judge not only quoted Cummings – "counsel should not blindly follow a defendant's instructions when 'the defendant has a possible mental impairment or the defendant's instructions are not

10

explicit or are less than clear[,]'" (R&R at 16 (quoting Cummings, 588 F.3d at 1358)), the Magistrate Judge noted that there was no suggestion that Movant was incompetent, (id. n.4). Movant in fact admits that no one has evaluated Movant for competency. (Objections at 8.)

  The Court further overrules Movant's objection that the Magistrate Judge failed to highlight sufficiently Mr. Treadaway's recognition that Movant's expectations were highly unrealistic and that Movant's unrealistic expectations were such that counsel was deficient for blindly following Movant's instructions. Mr. Treadaway's testimony that he thought Movant's optimism was strange and wondered whether Movant was paying attention at sentencing shows that Mr. Treadaway had doubts in regard to Movant's attitude. However, as observed by the Magistrate Judge and admitted by Movant, there has been no showing that Movant was incompetent at sentencing. Further, Movant, who had the burden in these proceedings, presented no evidence at his § 2255 hearing to show that he was incompetent at the relevant times before and during his sentencing. Absent any viable showing that Movant was incompetent and based on the record evidence, Mr. Treadaway dealt with a competent client who set his mind to believe that he would beat the charges against him. Moreover, Movant's argument is defeated by the fact that Mr. Treadaway did not blindly follow Movant's

11

instructions. To the contrary, Mr. Treadaway critically explained to Movant the risk in his position, while ultimately deferring to his client's choice.[3] Mr. Treadaway's performance was reasonable.

As a final matter, Movant's objection to the Magistrate Judge's finding on prejudice is overruled on the grounds that Movant misstates the Magistrate Judge's reasoning and does not object to the Magistrate Judge's stated reasoning. The Magistrate Judge did not recommend that prejudice was lacking because "nothing would have changed even if the lawyer had been able to convince the troubled client to agree to a change in position." (Objections at 10-11.) The Magistrate Judge recommended that prejudice was lacking because there was "no showing that there was a different action that counsel could have taken that reasonably would have resulted in Movant acquiescing at his sentencing hearing to a higher loss amount. . . . [I]t does not appear reasonably probable that Movant would have agreed to a higher loss amount if counsel had repeated his advice in stronger terms or that Movant would have acquiesced if counsel had attempted to concede to a higher loss amount." (R&R at 20-

---

[3] The Magistrate Judge's Report and Recommendation summarizes Mr. Treadaway's hearing testimony and evidence, which the Magistrate Judge found credible and which shows that Mr. Treadaway consistently and *critically* apprised Movant on the weakness of, and risk in maintaining, a low-loss amount. (R&R at 9-10, 17.)

12

21.) The Court agrees with the Magistrate Judge's assessment on prejudice. In sum, Movant fails to demonstrate that Mr. Treadaway provided ineffective assistance of counsel. Otherwise, the Court has reviewed the Magistrate Judge's recommendation for clear error and finds none.

## II. Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's objections [123] to the Magistrate Judge's Final Report and Recommendation are **OVERRULED** and that the Report and Recommendation [119] is **ADOPTED** as the Order of the Court.

**IT IS ORDERED** that Movant's motion to vacate, set aside, or correct his federal sentence [95] and a COA are **DENIED**.

**IT IS SO ORDERED** this 23rd day of August, 2016.

                                              s/Steve C. Jones
                                              STEVE C. JONES
                                              UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)